UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM KOENIG, )<br>)<br>　　　　Petitioner, )<br>v. )<br>)<br>WENDY KNIGHT, Superintendent, )<br>)<br>　　　　Respondent. ) | Case No. 1:15-cv-1247-JMS-DKL |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

William Koenig is a state prisoner who filed this action seeking a writ of habeas corpus. He is imprisoned following the revocation of his parole based on his commission of new criminal conduct. He believes he is entitled to habeas relief because his parole should have expired long before he committed the new criminal conduct. A state court presented with an action for habeas corpus relief (under Indiana law) disagreed and the Indiana Court of Appeals affirmed in *Koenig v. Knight*, 32 N.E.3d 281 (Ind.Ct.App. 2015) *transfer denied,* (Ind. July 23, 2015). The Indiana Court of Appeals found the question presented to be one of statutory construction, considered Koenig's arguments, considered the purpose of parole, examined the text of the statute, and concluded that "[t]here simply is no statutory authority requiring parole to begin on a defendant's retroactive projected release date." *Id.* at *2. The Indiana Court of Appeals concluded the Koenig's parole began on his actual date of release, not before. *Id.* at *3. This was relevant because Koenig was released following a modification of his sentence entitling him to immediate release. Koenig's argument, which is renewed here, was that his parole should have been recomputed to have commenced on the date his modified sentence entitled him to release.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). The scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010)("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (Some internal citations and quotations omitted).

Koenig's petition for writ of habeas corpus has been examined pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief."). Koenig's interpretation of the pertinent Indiana statute differs from that which was adopted and applied in his case by the Indiana Court of Appeals. Regardless, his concern rests on a question of state law and does not present a claim cognizable under § 2254(a). This is evident from the face of his petition and the appellate decision which became part of his challenge in the Indiana state courts. "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)).

Koenig's petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. The petition is therefore is denied and this action is summarily dismissed pursuant to Rule 4. His request to proceed *in forma pauperis* [dkt 2] is granted.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Koenig has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:   08/17/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM KOENIG
#881635
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064